# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DIARRA BRYANT,

        Defendant-Appellant.

UNPUBLISHED
September 25, 2018

No. 339925
Wayne Circuit Court
LC No. 96-001846-01-FC

---

Before: SWARTZLE, P.J., and JANSEN and O'BRIEN, JJ.

JANSEN, J. (*dissenting*).

I respectfully dissent.

I agree with defendant's argument that the trial court should have considered the factors enumerated in *Miller v Alabama*, 567 US 460; 132 S Ct 2455; 183 L Ed 2d 407 (2012). As explained by our Supreme Court in *People v Skinner*, ___ Mich ___, ___; ___ NW2d ___ (2018) (Docket Nos. 152448, 153081, 153345),

> The following factors are listed in *Miller*: (1) his chronological age and its hallmark features – among them, immaturity, impetuosity, and failure to appreciate risks and consequences; (2) the family and home environment that surrounds him – and from which he cannot usually extricate himself – no matter how brutal or dysfunctional; (3) the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him; (4) whether he might have been charged [with] and convicted of a lesser offense if not for incompetencies associated with youth – for example, his inability to deal with police officers or prosecutors (including on a plea agreement) or his incapacity to assist his own attorneys; and (5) the possibility of rehabilitation. [*Skinner*, ___ Mich at ___; slip op at 12 (quotation marks excluding, citing *Miller* 567 US at 447-448).]

This Court has also held that "a failure to consider the distinctive attributes of youth, such as those discussed in *Miller*, when sentencing a minor to a term of years pursuant to MCL 769.25a, so undermines a sentencing judge's exercise of his or her discretion as to constitute reversible error." *People v Wines*, ___ Mich App ___, ___; ___ NW2d ___ (2018) (Docket No. 336550); slip op at 3. When sentencing a juvenile for first-degree murder, trial courts should engage in a balancing act, weighing the facts and circumstances surrounding the offense while

-1-

simultaneously taking "into account the attributes of youth such as those described in *Miller*." *Wines*, ___ Mich App at ___; slip op at 3. Further, this Court has also observed that "[t]he objectives generally relevant to sentencing were first articulated by the Michigan Supreme Court in *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972), and have been often reiterated by our Courts." *Id*. In *Snow*, our Supreme Court articulated that "in imposing [its] sentence, the [trial] court should 'balance' the following objectives: '(1) reformation of the offender, (2) protection of society, (3) punishment of the offender, and (4) deterrence of others from committing like offenses.' " *Wines*, ___ Mich App at ___; slip op at 3, quoting *Snow*, 386 Mich at 592.

However, in my view, the trial court in this case did not engage in such a balancing act, and should have fully addressed the factors enumerated in *Miller*. Instead, the trial court relied too heavily on the sentence of a co-defendant, a consideration I find to be irrelevant. What sentence a co-defendant may have received is likewise not mentioned in either *Snow* or *Miller*. The trial court failed to acknowledge that it was clear from the circumstances surrounding defendant's crime. Moreover, at the time of sentencing, *Wines* had not yet been decided by this Court, and therefore the trial court was unaware that its sentencing of defendant should have been guided by the *Miller* factors.

During resentencing, the trial court did mention that defendant had appeared to turn his life around while in prison, even when he began taking those steps he had "no chance of parole based on the sentence that was there." The trial court even went so far as to commend defendant for "taking action to be a positive role model to others who are in prison[.]" Defense counsel also noted that defendant had "glowing work reports" while incarcerated, defendant was involved in community service events, social activities, and had helped develop a "re-entry" program. During the resentencing hearing, defendant read a statement wherein his expressed remorse for his crimes, and repeatedly apologized for his actions. Clearly, defendant has the potential for rehabilitation. Additionally, it is clear that defendant's chronological age at the time of the offense affected his decision making ability. The factual background of this case makes it clear that defendant's "immaturity, impetuosity, and failure to appreciate risks and consequences" of his actions were a direct result of his young age, which the trial court failed to address. *Miller* 567 US at 447. Likewise, the trial court failed to address defendant's family and home environment at the time of the offense, as well as whether defendant could have been charged with and convicted of a lesser offense due to youthful incompetencies. Accordingly, I would vacate defendant's sentence and remand for resentencing so that the trial court may have the benefit and guidance of *Miller*, pursuant to this Court's holding in *Wines*.

/s/ Kathleen Jansen